BLD-202                                                          NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1163
_____

ANTHONY HARPER,
                                        Appellant

v.

CITY HALL,
Division of Vital Records, Philadelphia, PA 19102
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2:16-cv-06149)
District Judge:  Honorable Edward G. Smith
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 27, 2017
Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed:  May 18, 2017)
_____

OPINION*
_____

PER CURIAM

        Anthony Harper appeals from the District Court's order dismissing his civil rights

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

action. For the reasons below, we will summarily affirm.

I.

Harper, who is proceeding pro se, is a Pennsylvania prisoner who is serving a life sentence. He filed this civil action alleging that the Pennsylvania Department of Vital Records issued him an incorrect birth certificate. In his amended complaint, he claims that his correct date of birth is October 31, 1958, not December 6, 1955, which he states is the date recorded on a birth certificate issued for him. Harper is pursuing this action in an apparent effort to obtain post-conviction relief under the U.S. Supreme Court's decision in Miller v. Alabama, 567 U.S. 460 (2012), which held that mandatory life without parole for those under the age of 18 at the time of their crime violates the Eighth Amendment.

In his original suit, which was brought against "City Hall, Division of Vital Records," Philadelphia, Harper alleged that the Defendant violated Title VI of the Civil Rights Act of 1964 by issuing an inaccurate birth certificate. He appeared to accuse the Defendant of racial discrimination. The District Court, which noted that the Department of Vital records is a state entity, dismissed Harper's complaint for failure to state a claim and provided Harper with the opportunity to file an amended complaint.

Harper filed an amended complaint that continued to list "City Hall" as a defendant, but directed some allegations at the Pennsylvania Department of Health, accusing the Department of fraud. The District Court again dismissed the complaint. In its opinion, the District Court identified multiple problems with Harper's suit, explaining

2

that Harper did not set out an adequate factual basis to support a claim of racial discrimination. Furthermore, the District Court determined that Harper did not plausibly allege that a state actor violated his rights, as is required to proceed under 42 U.S.C. § 1983; that the Department, a state agency, is not subject to suit under § 1983; and that Harper had not alleged that any violation committed by the City of Philadelphia was the result of a municipal policy or custom, as required under § 1983. Finally, the District Court determined that it lacked jurisdiction to consider Harper's claims under Pennsylvania's Right to Know law. Harper appeals. He requests the appointment of counsel.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In considering a dismissal pursuant to the screening provisions of 28 U.S.C. § 1915, we exercise de novo review. See, e.g., Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We may summarily affirm the District Court's ruling if there is no substantial question presented on appeal. 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

## III.

The District Court concisely identified the grounds for dismissing Harper's complaint, and we will affirm for substantially the same reasons. In sum, as the District Court concluded, Harper failed to allege adequate facts to support his racial discrimination claim under Title VI. Similarly, Harper failed to allege that a city or state actor violated his constitutional rights, to the extent either entity is subject to his suit.

3

Harper's fraud allegation also does not state a plausible claim.  Finally, we note that Harper's court-appointed counsel in a federal habeas case, E.D. Pa.  Civ. No. 2:12-cv-02809, recently notified that court that "reliable records stat[e] that Mr. Harper's birth date is October 31, 1955."

## IV.

For the above reasons, we will affirm the District Court's order dismissing Harper's suit.  Harper's motion for the appointment of counsel is denied.